IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL-ANTHONY: CONONIE, | ) |
| | ) |
| Plaintiff | ) |
| v. | )   Civil No. 24-824 |
| BOROUGH OF WEST VIEW, | ) |
| MICHAEL BRUNNER, RICHARD G. | ) |
| OPIELA, and COMMONWEALTH OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Defendants. | ) |

**Memorandum Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a Complaint. Plaintiff sues the Borough of West View, Michael Brunner, Richard G. Opelia, and the Commonwealth of Pennsylvania. Plaintiff alleges violations of his civil rights, pursuant to 42 U.S.C. § 1983, and related state law tort claims, arising out of Plaintiff's arrest on April 8, 2024. Specifically, Plaintiff asserts claims of false imprisonment, assault and battery, identity theft, and treason. ECF No. 1-2 at 2 & 7. Plaintiff will be granted leave to proceed *in forma pauperis*. Upon review of Plaintiff's Complaint, the Court will, *sua sponte*, dismiss the Complaint in accordance with 28 U.S.C. § 1915(e).

### I.     Motion to Proceed in Forma Pauperis

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

II.  Discussion

A. Improper Documents attached to the Complaint

Plaintiff has filed a document entitled, "Notice of Intent to Sue," which is purportedly directed to each Defendant. ECF No. 1-4 at 1-4. Attached to the Notice is a document titled, "UCC FINANCING STATEMENT," and a document titled. "COPYRIGHT NOTICE." ECF No. 1-4 at 5-7. Plaintiff states that these two latter documents, "state the damages." ECF No. 1-4 at 2. All three documents will be stricken from the docket of this case as each is improper and/or unrelated to the Complaint.

Plaintiff has also attached to his Complaint a document addressed to Defendant Richard G. Opiela. ECF No. 1-2 at 11-13. The document is titled, "PETITION FOR WRIT OF QUO WARRANTO," and has purportedly been served on Defendant Magisterial District Judge Richard G. Opelia. ECF No. 1-2 at 13. In this Petition, Plaintiff contends that Judge Opelia holds office unlawfully due to treason. ECF No. 1-2 at 12. This document will be stricken from the docket as the relief requested, requiring Judge Opelia to show by what warrant he holds office, is improperly brought before this Court in this civil rights action. Moreover, as explained below, a private citizen cannot assert a claim of Treason.

B. Section 1915(e) Screening

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1. **Eleventh Amendment Immunity**

The Court finds no legal basis for Plaintiff's claims against the Commonwealth of Pennsylvania because his Complaint seeks "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). The Eleventh Amendment protects states and their agencies and departments from suit in federal court irrespective of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Pennsylvania has not waived its immunity from suit in federal court; and although Congress can abrogate a state's sovereign immunity, it did not do so by enacting 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, a claim against the Commonwealth of Pennsylvania cannot survive since the state is immune.

2. **Failure to State a Claim against State Police and West View**

Plaintiff cannot state a valid 42 U.S.C. § 1983 claim against the Commonwealth of Pennsylvania or the Borough of West View. 28 U.S.C. § 1915(e)(2)(B)(ii). To state a § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a *person* acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). For the purposes of § 1983, the Pennsylvania State Police is not a "person" and the Borough of West View is not a "person." Therefore, a § 1983 claim cannot be maintained against either Defendant. *Wivell v. Pennsylvania State Police*, 2007 WL 3033962, at *2 (M.D. Pa. Oct. 16, 2007). Any § 1983 claim would need to name a person acting under color

of state law, and not a state or local entity, and Plaintiff's Complaint does not do so. Accordingly, Plaintiff's Complaint fails to state a claim against the Pennsylvania State Police and the Borough of West View.

### 3.   Magisterial District Judge Richard G. Opelia

Plaintiff is unable to state a valid claim against Defendant Richard G. Opiela. First, Plaintiff does not assert any factual allegations related to Judge Opelia. The Complaint does not allege what Judge Opelia did or did not do in connection with any claim. Besides identifying Judge Opelia as a Magisterial District Judge, the only reference to Judge Opelia occurs in Count Five (Treason) of the Complaint, where Plaintiff refers to the "Acts of Defendant(s), *as well as the Judge*, . . ." Compl. at ¶ 19 (emphasis added). Thus, because Plaintiff has failed to allege any facts to support any claim against Judge Opelia, he will be dismissed as a Defendant from this action.

Judge Opelia also is protected from suit by judicial immunity for any acts or omissions taken in his judicial capacity, so long as he does not act in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (absolute judicial immunity attaches even if the act were done in furtherance of a conspiracy). Any claim to be asserted against Judge Opelia, under the present allegations, would relate to his role as a Magisterial District Judge in connection with the criminal charges against Plaintiff stemming from his April 8, 2024 arrest. Plaintiff has not set forth any facts suggesting that Judge Opelia acted in the absence of jurisdiction. Accordingly, Magisterial District Judge Richard G. Opiela is also entitled to absolute immunity from Plaintiff's claims, as currently asserted.

### 4. False Imprisonment Claims

In Count One and Count Two, Plaintiff asserts claims of False Imprisonment related to his arrest on April 8, 2024. ECF No. 1-2 at ¶¶ 11-13 & 14-15. To state a facially plausible claim for false imprisonment under Pennsylvania law, a Complaint must allege facts that would establish that Plaintiff: "(1) had been detained; and (2) the detention was unlawful." *Brown v. Am. Airlines, Inc.*, No. CV 23-2001, 2024 WL 1143478, at *4 (E.D. Pa. Mar. 15, 2024) (citing *Gwynn v. City of Philadelphia*, 719 F.3d 295, 304 n.4 (3d Cir. 2013) (citing *Renk v. City of Pittsburgh*, 641 A.2d at 293 (Pa. 1994)). Plaintiff alleges that he was falsely imprisoned because of his April 8, 2024 arrest. Defendant, Officer Brunner, is the only Defendant alleged to have arrested Plaintiff on April 8, 2024, and thus the false imprisonment claims are asserted only against him.

#### a. Count One (False Imprisonment)

In Count One, Plaintiff alleges that, "On April 8th, 2024, the Defendant(s), without warrant or due process of law (PA. Const., Art. 1, Sec. 1), unlawfully arrested the Plaintiff, and acting contrary to law, did falsely imprison the Plaintiff, depriving him of his liberty." Compl. at 2. In support of Count One, Plaintiff alleges that he was approached by two police offers on April 8, 2024, "about an incident over at 153 Schwitter Ave. Apt. #304." *Id.* at ¶ 1. Plaintiff then alleges that, once he "told his side of the story," the Officers arrested him. *Id.* at ¶ 3. In support of showing that the arrest was unlawful, Plaintiff only offers the conclusory allegation that he was the victim of a warrantless arrest. *Id.* at ¶ 5 (stating he was arrested, "without a form of warrant from any judge"). Finally, Plaintiff alleges that the Officers never told him the

5

specific charges justifying his arrest, but Plaintiff acknowledges that the officers indicated in their field report that the arrest was based on "strangulation" charges. *Id.* at ¶ 7.

Count One will be dismissed for failure to state a claim upon which relief can be granted. While Plaintiff alleges the bare bones elements of a false imprisonment claim, he has not sufficiently alleged facts to support the element that he was detained unlawfully. *Brown*, No. CV 23-2001, 2024 WL 1143478, at *4. The bare allegation that his arrest was unlawful is conclusory and insufficient to state a claim. Plaintiff's allegation that the arrest was made without a warrant, without more, also does not support the alleged unlawfulness of the arrest. An officer may constitutionally conduct a warrantless arrest, so long as the arrest is supported by probable cause. *Commonwealth v. Floyd*, 2024 PA Super 44, 313 A.3d 1061, 1065 (2024) ("Probable cause to effectuate a warrantless arrest exists when: 'the facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense'") (quoting *Commonwealth v. Rickabaugh*, 706 A.2d 826, 835-36 (Pa. Super. 1997) (other quotations and citation omitted)); *United States v. Torres*, 961 F.3d 618, 622 (3d Cir. 2020) ("police officer may arrest a person in a public place without a warrant if the officer possesses probable cause to believe the person committed a felony"); *see also Virginia v. Moore*, 553 U.S. 164, 171 (2008). Since Plaintiff has not sufficiently alleged facts to support the necessary element that his arrest was unlawful, Count One will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's supporting factual allegations also do not permit the reasonable inference that Officer Brunner committed false imprisonment. *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff

alleges that police officers conducted an investigation, questioned him, and then, after he stated his side of the story, arrested him.  Plaintiff does not allege that the initial investigation of the incident at the residence was improper or unlawful.  Plaintiff does not allege that he had no connection to, or knowledge of, the incident.  Plaintiff strongly implies in his allegations that he was involved in the incident, as he states that he told his side of the incident to police.  He alleges an assertion of "strangulation" charges, but he provides no other factual allegations about the incident or about any alleged charge asserted against him.  Additionally, he fails to allege that any criminal charge, resulting from the arrest, was false or dismissed for lack of probable cause.  Therefore, because Plaintiff has failed to sufficiently allege facts to support the unlawfulness element of his false imprisonment claim, said claim will be dismissed.

The docket of Magisterial District Court 05-2-02 indicates that Plaintiff was criminally charged with strangulation, in violation of 18 Pa. Cons. Stat. § 2718, arising out of the April 8, 2024 arrest.  *Commonwealth of Pennsylvania v. Cononie*, Magisterial District Court Docket MJ-05202-CR-0000209-2024.[1]  The docket further indicates that, on July 3, 2024, the date set for a preliminary hearing, the strangulation charge was "withdrawn."  A "withdrawn" charge is not equivalent to a declaration of innocence or an admission of wrongdoing on the part of the state.  Even a claim of innocence is insufficient to state a false imprisonment claim as, "[a]n arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not."  *Renk*, 641 A.2d at 293.  Presently, Plaintiff's Complaint fails to sufficiently allege facts to establish that his arrest was unlawful or that, at the time of his arrest, the arresting officer

---

[1] In evaluating the Complaint, the Court may consider the Magisterial District Court Docket MJ-05202-CR-0000209-2024, because it is a matter of public record and because it is a document "integral to" Plaintif's complaint. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016).

lacked probable cause to arrest him. *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008) ("A plaintiff must prove that the police officer lacked probable cause to arrest"). Therefore, Plaintiff has not "'pleaded factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thompson,* 748 F.3d at 147 (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678). As such, Plaintiff has failed to state a false imprisonment claim against Defendant Brunner upon which relief can be granted. As the Court cannot conclude that amendment would be futile, Plaintiff will be given leave to amend his Complaint as to the false imprisonment claim against Officer Brunner.

### b. Count Two (False Imprisonment)

In Count Two, Plaintiff alleges that, "upon arresting the Plaintiff, [Officer Brunner] brought him to the county jail for the purpose of booking and detaining him, and, by [Officer Brunner's] own admission, made no attempt to bring the Plaintiff before a proper Judge or Court as is required by due process. The acts of the Defendant in deciding how [to] deal with the Plaintiff after his arrest, and failing to take him to a Judge or Court to so decide, constitute false imprisonment by the Defendant . . . ." ECF No. 1-2 at ¶ 15.

Count Two will be dismissed for failure to state a claim, because Plaintiff does not allege an *unlawful* detention, thus Plaintiff does not sufficiently allege a false imprisonment claim. In Count Two, Plaintiff alleges that, after Plaintiff was arrested on April 8, 2024, Officer Brunner did not attempt to bring Plaintiff before a Judge. This allegation asserts an alleged delay in the criminal process; it does not state an independent false imprisonment claim (or any other claim) separate from the claim asserted in Count One. Therefore, Count Two will be dismissed with prejudice, for failing to state a claim upon which relief can be granted.

### 5. Assault and Battery Claim

Count Three asserts a claim of Assault and Battery. Plaintiff alleges that, "Due to the unlawful acts of the Defendant(s), the Plaintiff suffered a series of assaults and batteries upon his person, including arrest, handcuffing, imprisonment, physically searched, forced fingerprinting, and booking procedures, and harassment." Compl. at ¶ 17. "Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk*, 641 A.2d at 293. "'An assault requires both the actor's intent to place the individual in imminent apprehension of harmful or offensive contact and the individual's actual imminent apprehension.'" *Armstrong v. Gretsky*, No. CV 20-160, 2023 WL 2903977, at *8 (E.D. Pa. Apr. 11, 2023), aff'd, No. 23-1765, 2024 WL 1045230 (3d Cir. Mar. 11, 2024) (quoting *Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 365–66 (E.D. Pa. 2006)). "A police officer may be held liable for assault and battery [if] the force used in making an arrest is unnecessary or excessive." *Renk*, 641 A.2d at 293-94 ("reasonableness of the force used ... determines whether the police officer's conduct constitutes an assault and battery").

Count Three will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff provides no allegations to support an assault or battery claim. The conduct Plaintiff complains of consists of expected and permitted acts done in furtherance of an arrest. Being arrested, handcuffed, searched, fingerprinted, booked, and imprisoned, as presently alleged by Plaintiff, does not, in itself establish an assault or a battery claim. Therefore, Count Three will be dismissed for failure to state a claim upon which relief can be granted. Because the Court cannot conclude that amendment would be futile, Plaintiff will be given leave to amend his Complaint as to the assault and battery claim.

### 6. Identity Theft

Count Four asserts a claim of Identify Theft. Compl. at ¶ 18. To state a claim for Identify Theft in Pennsylvania[2], the plaintiff must show that the defendant "possesse[d] or use[d], through any means, identifying information of [the plaintiff] without the consent of [plaintiff] to further any unlawful purpose." 18 Pa. C.S.A. § 4120(a). Plaintiff asserts in Count Four that the Defendants "never once asked for my personal information such as my name," and Defendants "gained that information [along with his fingerprints] without the Plaintiff's consent." Compl. at ¶ 18. Plaintiff does not allege an "unlawful purpose," as required to state a claim of identity theft. In addition, Plaintiff complains about normal conduct following his arrest: the officers discovered his name, brought him to the Allegheny County Jail, and there he was fingerprinted. Such allegations are deficient to assert a claim of identity theft. Accordingly, Count Four will be dismissed for failure to state a claim upon which relief can be granted. As the Court cannot conclude that amendment would be futile, Plaintiff will be given leave to amend his Complaint as to the identify theft claim.

### 7. Treason

Finally, Count Five, which asserts a claim of Treason fails because "'there is no private right of action to enforce this crime in federal court.'" *Roark v. Irizarry*, No. CV 21-4107, 2022 WL 3371615, at *3 (E.D. Pa. Aug. 16, 2022) (quoting *Kinnard v. Pa. Dep't of Corr.*, C.A. No. 18-298, 2019 WL 4060922, at *7 (W.D. Pa. July 24, 2019)). As such, Count Five will be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, the following order is hereby entered.

---

[2] Pennsylvania provides for a private right of action based on identity theft. 42 Pa. Cons. Stat. Ann. § 8315.

**ORDER**

And now, this 11th day of July 2024, it is hereby ORDERED that Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

IT IS FURTHER ORDERED, for the reasons set forth above, that Plaintiff's "Notice of Intent to Sue, UCC FINANCING STATEMENT, and COPYRIGHT NOTICE, filed at ECF No. 1-4, are stricken from the docket of this case. It is also ORDERED that Plaintiff's "PETITION FOR WRIT OF QUO WARRANTO," attached to Plaintiff's Complaint and filed at ECF No. 1-2, at 11 to 13, is hereby stricken from the proposed Complaint and from the docket.

The Clerk is directed to file the Complaint, ECF No. 1-2 at pages 1 through 10 only, as the Complaint of record in this action.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff cannot support any claim against any of the Defendants.

**Dismissal of Three Defendants**

All claims asserted against the Commonwealth of Pennsylvania, the Borough of West View, and Richard G. Opelia are dismissed with no leave to amend, as no viable claim has been asserted against them.

**Dismissal of Claims**

Count One is dismissed for failure to state a claim upon which relief can be granted. Leave to amend this claim as asserted against Defendant Michael Brunner will be permitted.

Count Two is dismissed, as duplicative of Count One and because, on its own, it fails to state a claim upon which relief can be granted. No leave to amend is granted.

Count Three is dismissed for failure to state a claim upon which relief can be granted. Leave to amend this claim will be permitted.

Count Four is dismissed for failure to state a claim upon which relief can be granted. Leave to amend this claim will be permitted.

Count Five is dismissed.  No leave to amend is granted.

IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed.

Plaintiff is permitted leave to amend his Complaint as to Count One, False Imprisonment (only as to Defendant Brunner), Count Three, Assault and Battery, and Count Four, Identify Theft.

Any amended complaint is due by <u>August 12, 2024</u>.  If no amended complaint is filed by <u>August 12, 2024</u>, this case shall be dismissed with prejudice and the case will be closed without further notice.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Paul-Anthony Cononie, pro se
C/O 307 DUNBAR DRIVE
Pittsburgh, PA 15235