**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL-ANTHONY: CONONIE,** | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | **Civil No. 24-824** |
| **BOROUGH OF WEST VIEW,** | ) | |
| **MICHAEL BRUNNER, RICHARD G.** | ) | |
| **OPIELA, and COMMONWEALTH OF** | ) | |
| **PENNSYLVANIA,** | ) | |
| | ) | |
| Defendants. | ) | |

**Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a Complaint. The Court granted the motion to proceed *in forma pauperis*. After screening the Complaint and attached exhibits, pursuant to 28 U.S.C. § 1915(e), the Court dismissed the Complaint, with leave to amend. Mem. Op. & Order, July 11, 2024, ECF No. 3. In his original Complaint, Plaintiff alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983, and related state law tort claims, all arising out of his arrest on April 8, 2024, allegedly effectuated by Defendant Michael Brunner. Plaintiff asserted five causes of action in his Complaint: two counts of False Imprisonment, Assault and Battery, Identify Theft, and Treason. The Court granted Plaintiff leave to amend his Complaint only as to the False Imprisonment Claim asserted in Count One, the Assault and Battery claim asserted in Count Three, and the Identify Theft claim asserted in Count Four. *Id.* at 11-12. The False Imprisonment claim asserted in Count Two and the Treason claim asserted in Count Five were dismissed, with no leave to amend granted. *Id.* The Court also dismissed all claims asserted against the Commonwealth of Pennsylvania, the Borough of West View, and Richard G. Opelia. The Court did not grant Plaintiff leave to amend to assert any of the claims present in the original Complaint against said Defendants. *Id.* at 11.

Plaintiff was permitted until August 12, 2024, to file an amended complaint.  On July 22, 2024, Plaintiff timely filed an Amended Complaint, along with a Memorandum of Law addressing the law of Arrest Without Warrant.  ECF Nos. 5, 6.  On July 23, 2024, Plaintiff filed a document entitled, "Amended Complaint – Additional," which is in substance a legal memorandum.[1]  ECF No. 7.  As explained below, the Amended Complaint remains deficient in that it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. Proc. 8(a)(2)) and it fails to allege supporting facts to state a claim upon which relief can be granted (Fed. R. Civ. Proc. 12(b)(6).

## I.      Standard of Review

The Rules of Civil Procedure provide that "[p]leadings must be construed so as to do justice."  Fed. R. Civ. Proc. 8(e). When reviewing pro se pleadings, the Court is to apply a "pronounced" liberal standard.  *Garrett v. Wexford Health*,  938 F.3d 69, 92 (3d Cir. 2019).  "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training."  *Id.*  Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints."  *Id.*  However, when reviewing an amended complaint, the averments of the original Complaint are not considered as the original Complaint was dismissed and is no longer an operative pleading.  Therefore, a plaintiff must assert the factual allegations he is relying upon in his Amended Complaint.

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *McTernan v. City of York,*

---

[1] On July 29, 2024, a pleading identical to Document No. 6 was filed at Document No. 8.  Both pleadings are the same "Memorandum of Law on Arrest Without Warrant."

*Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009).  A plaintiff's legal conclusions are not

entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as

a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, (1986).  A significant portion of

the Amended Complaint, as well as Plaintiff's supporting pleadings, consist of legal

argument and legal conclusions.  Plaintiff either presents a legal challenge to the Court's

original dismissal of claims and defendants, or he presents a legal argument in favor of

his positions and views on certain issues.  An amended complaint is not the proper vehicle to

raise a legal challenge to a Court's dismissal of claims or parties.  As such, Plaintiff's legal

arguments are not considered by the Court when reviewing the Amended Complaint for properly

pleaded claims.

## II.    Discussion

In Plaintiff's original Complaint, he separately identified, named, and numbered each of

his five claims.  *See* Compl. at 2, 7.  In contrast to the specificity provided in the original

Complaint, the Amended Complaint broadly asserts three general categories of alleged

violations:  "Violations of Constitutional Rights," "Denial of Due Process and Loss of

Jurisdiction," and "Discrimination and Violation of Civil Rights."  Am. Compl. at 2-4.  Plaintiff

fails to set forth any viable claim with supporting facts under his general headings.  Surprisingly,

with respect to the April 8, 2024 arrest, which was the precipitating event upon which Plaintiff 's

original Complaint was based, Plaintiff does not reassert, add to, or amend the April 8, 2024

factual allegations asserted in his original Complaint.  Plaintiff also does not assert a claim of

False Imprisonment, Assault and Battery, or Identify Theft, which were the claims the Court

permitted him to reassert in any amended complaint.  As discussed below, the Amended

Complaint under scrutiny at this juncture fails to properly state any claim against any Defendant.

a.  **Defendants Borough of West View, Richard G. Opelia, and Commonwealth of Pennsylvania,**

The Borough of West View, Richard G. Opelia, and the Commonwealth of Pennsylvania were dismissed from the original Complaint.  All claims asserted against said Defendants were also dismissed, without leave to amend.  Nonetheless, in the caption of Plaintiff's Amended Complaint, he again names as Defendants, the Borough of West View, Richard G. Opelia, and the Commonwealth of Pennsylvania.  Am. Compl. at 1.  The Court, however, did not grant Plaintiff leave to amend to assert any of the claims asserted in the original Complaint against said Defendants.  The Court's Order, however, did not foreclose Plaintiff from bringing a different viable claim against any of these three Defendants.  However, in his Amended Complaint, Plaintiff did not bring a different claim.

The only reference to the Borough of West View or the Commonwealth of Pennsylvania (referred to as the "State Police") appears in Paragraph 4 of the Amended Complaint, which states:

> 4.      I have stated numerous times about the claim and complaint against State Police and West View which as which you believe is a valid enough answer. Again, due process was clearly violated due process and I can cite an example of the Supreme Court Case in Rhode Island; *Kominsky vs Durand* 64, R.I 387, 12 Atl. 2d 652, 655(1940). That's why I put it under the specific title of not a "person" but in an "official" capacity in the other paperwork was clearly sent to you.

Am. Compl. at ¶4.  Despite the reference to the two Defendants, Plaintiff fails to provide factual allegations to support a cause of action against the Borough of West View or the Commonwealth of Pennsylvania anywhere in his Amended Complaint.  Plaintiff's Paragraph 4 is, in part, a legal conclusion, which the Court need not accept.  Accordingly, the Court's original decision, that

Plaintiff's Complaint fails to state a claim against the Pennsylvania State Police and the Borough of West View, applies to the Amended Complaint.

Defendant Opiela is referred to in only two paragraphs. *Id.* at ¶¶ 39, 51. In paragraph 39, Opiela's name is included within a legal conclusion. *Id.* at ¶ 39. In this Paragraph, the closest Plaintiff gets to providing a factual allegation is his assertion that, "Opiela failed to look me in the eyes and ask what happened, preferring to prolong the inevitable." *Id.* Nothing in this assertion constitutes a factual allegation in support of any cause of action asserted by Plaintiff. In Paragraph 51, Plaintiff asserts his personal views as to certain aspects of a judge's and an attorney's responsibilities; but again, he provides no concrete factual assertions as to Defendant Opiela, as opposed to a general, unsupported assertion that Opiela has acted partially and unlawfully.

A review of the Amended Complaint demonstrates that Plaintiff has failed to provide any factual allegations supporting any cause of action against the Borough of West View, Richard G. Opelia, or the Commonwealth of Pennsylvania. Accordingly, these Defendants will be dismissed from the Amended Complaint because there are no actual claims asserted against them. In addition, to the extent a claim against any of these three Defendants could potentially be identified, such claim would be dismissed for failure to state a claim upon which relief can be granted, because the Amended Complaint lacks any material factual allegations that would support a claim against any of said three Defendants.

### b. Allegedly New Claims

As noted, Plaintiff asserts three, newly raised, general categories of alleged violations: - "Violations of Constitutional Rights," "Denial of Due Process and Loss of Jurisdiction," and "Discrimination and Violation of Civil Rights" (based on a conclusory alleged, but factually

unsupported, claim for unreasonable search and seizure). The Amended Complaint fails to allege any factual material to support the categories of claims. That is, Plaintiff's assertions are mere conclusory assertions of causes of actions combined with legal statements. Such is insufficient to state a claim upon which relief can be granted.

In addition, several of Plaintiff's listed claims are not properly brought in this civil case. The right against self-incrimination and the right to a fair and speedy trial are inapplicable, because this is a civil action not a criminal action. The Ninth Amendment's protection of rights not specifically enumerated in the constitution, and the Tenth Amendment's limitation of federal powers and reservation of rights to the states or the people, are also inapplicable. Plaintiff's category of violations entitled, "Denial of Due Process and Loss of Jurisdiction," also does not present a cognizable cause of action, as each category presents legal conclusions, which have no bearing on whether Plaintiff has properly stated a cause of action. In his final category of violations, entitled "Discrimination and Violation of Civil Rights," all of Plaintiff's statements are irrelevant legal conclusions or his improper personal interpretations of the law. Accordingly, Plaintiff has failed to state claim under any of his three broad categories of alleged violations.

### c. Amended Complaint Allegations and Claims

Plaintiff was permitted to reassert claims of false imprisonment, assault and battery, and identity theft, in his amended complaint. The only appearance in the Amended Complaint of the terms "false imprisonment" or "false arrest" occur in portions of the Amended Complaint setting forth legal argument and legal conclusions. Am. Compl. at ¶¶ 22, 26, & 27. There are no factual allegations with respect to a false imprisonment cause of action, and Plaintiff's legal arguments and case citations are not relevant to an examination of whether plaintiff has stated a sufficient claim. *Bueale v. Drinks*, No. 2:22-CV-00725-JMG, 2023 WL 6391693, at *2 (E.D. Pa. Sept. 29,

2023) ("Because Plaintiff fails to allege facts supporting his legal conclusions, the Complaint fails to state a claim").

Similarly, the only reference to "assault and battery" appears in reference to Plaintiff's legal arguments and citation to case law. *Id.* at ¶ 23. The Second Amended Complaint, however, contains virtually no factual allegations to support any assault and battery claim or any other cause of action.

As to Defendant Brunner, Plaintiff refers to him only once in the body of the Amended Complaint. *Id.* at ¶ 39. That reference appears in connection with one of Plaintiff's legal conclusions. *Id.* There are no supporting factual allegations in connection with Defendant Brunner. The allegations in Paragraph 39 do not qualify as a factual allegation in support of any cause of action. To be clear, even though Defendant Brunner was identified as the primary actor in initiating the April 8, 2024 arrest, which prompted the original Complaint, Plaintiff has abandoned his original allegations, and he has not provided any new factual allegations to support any claim against Defendant Brunner.

### III.    Dismissal of Claims and Defendants

Liberally construing Plaintiff's Amended Complaint, the Court concludes that it fails to comply with Federal Rule of Civil Procedure 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has failed to provide factual allegations to support any claim against any Defendant; therefore, he has failed to demonstrate that he is entitled to relief. Further, he has failed to sufficiently present and factually support any purported cause of action within his Amended Complaint. Plaintiff only asserts legal arguments and legal conclusions. To

the extent that factual allegations can be discerned in support of a cause of action, such are insufficient to support a claim upon which relief can be granted.  Fed. R. Civ. Proc. 12(b)(6).  As a result, all claims allegedly asserted in the Amended Complaint will be dismissed and Defendants Borough of West View, Commonwealth of Pennsylvania, and Richard J. Opiela will again be dismissed.

### IV.    Leave to Amend

When a complaint is subject to dismissal, the Court must consider whether leave to amend the complaint be granted.  *Grayson*, 293 F.3d at 108.  "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment."  *Id.*

As stated, Plaintiff has failed to properly assert facts to support any claim, and thus to the extent a false imprisonment claim is asserted, such will be dismissed. Liberally construing Plaintiff's Amended Complaint, it seems clear that he desires to assert a false imprisonment claim, as his Amended Complaint contains language, albeit embedded in legal conclusions, indicating that he desires to pursue this claim.  Because the Court is "'hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings," plaintiff "'should be afforded an additional, albeit final opportunity,'" to state a false imprisonment claim upon which relief can be granted.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997) (quoting *Ross v. A.H. Robins Co.*, 607 F.2d 545, 547 (2nd Cir.1979)).  Leave to amend is limited solely to the false imprisonment claim, Plaintiff is not granted leave to amend any other claim.

In the Amended Complaint, Plaintiff fails to plead a sufficient claim to assert a viable assault and battery claim upon which relief can be granted.  The term "assault and battery" is present in a single conclusory paragraph, which refers to a 1950 Supreme Court of Maine criminal case.  The Court concludes that Plaintiff has failed to allege facts to sufficiently assert an assault and battery claim in his Amended Complaint.  Given that Plaintiff has had a prior opportunity to correctly plead this claim, the Court finds that it would be futile to permit further amendment.  Therefore, the assault and battery claim will be dismissed without leave to amend.

As there are no supporting factual allegations, or references to, an identity theft claim, to the extent said claim is raised, it will be dismissed without leave to amend. The Court provided plaintiff with an opportunity to reassert this claim in an amended complaint, and he chose not to do so.  The claim will be dismissed and leave to amend will be denied.

## V.    Conclusion

Plaintiff's Amended Complaint does not "present[] cognizable legal claims to which a defendant can respond on the merits."  *Garrett*,  938 F.3d at 93-94.  There are no factual allegations to support a claim upon which relief can be granted and there are no causes of actions asserted against any named Defendant.  Accordingly, all claims and all Defendants will be dismissed from this action.

Accordingly, the following Order is hereby entered.

**ORDER**

And now, this 31st day of July 2024, it is hereby ORDERED that, for the reasons set forth above, the Court finds that Plaintiff has failed to properly assert any claim against any of the Defendants.  All claims purportedly raised in the Amended Complaint are dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. Proc. 8(a)(2) & Fed. R. Civ. Proc. 12(b)(6).

IT IS FURTHER ORDERED that all claims asserted against the Commonwealth of Pennsylvania, the Borough of West View, and Richard G. Opelia are dismissed with no leave to amend, as, even after opportunity to amend, no viable claim has been asserted against any of them.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is hereby DISMISSED.

Plaintiff is permitted leave to amend to plead a claim of false imprisonment, as asserted against Defendant Michael Brunner.

Any second amended complaint is due by <u>August 30, 2024</u>.  If no second amended complaint is filed by <u>August 30, 2024</u>, this case shall be dismissed with prejudice and the case will be closed without further notice.

                                         s/*Marilyn J. Horan*
                                         Marilyn J. Horan
                                         United States District Court Judge

Paul-Anthony Cononie, pro se
C/O 307 DUNBAR DRIVE
Pittsburgh, PA 15235