IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL-ANTHONY: CONONIE, | ) |
| Plaintiff | ) |
| v. | ) Civil No. 24-824 |
| BOROUGH OF WEST VIEW, MICHAEL BRUNNER, RICHARD G. OPIELA, and COMMONWEALTH OF PENNSYLVANIA, | ) |
| Defendants. | ) |

**ORDER**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a Complaint.  The Court granted the motion to proceed *in forma pauperis*.  After screening the Complaint and attached exhibits, pursuant to 28 U.S.C. § 1915(e), the Court dismissed the Complaint, with leave to amend.  Mem. Op. & Order, July 11, 2024, ECF No. 3. Plaintiff filed an Amended Complaint.  ECF No. 5.  The Court dismissed the Amended Complaint because it failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. Proc. 8(a)(2)) and it failed to allege supporting facts to state a claim upon which relief can be granted (Fed. R. Civ. Proc. 12(b)(6).  Plaintiff was again given leave to amend his complaint.

And now, this 21st day of August 2024, it is hereby ORDERED as follows:

I.

On August 20, 2024,Plaintiff timely filed a second Amended Complaint.  ECF No. 11. Although there are some irrelevant matters asserted in the second Amended Complaint, that have

nothing to do with stating a claim upon which relief can be granted, the Court concludes that Plaintiff's second Amended Complaint is sufficient in stating claims such that service upon Defendants is in order.

Plaintiff is informed that, pursuant to the Federal Rules of Civil Procedure, service of the summons and second Amended Complaint upon each defendant is due within ninety days of the second Amended Complaint being filed on August 20, 2024.  *See* Fed. Rule Civ. Proc. 4(b) (issuance of summons), 4(c) (service of summons and complaint), and 4(m) (time limit for service).

II.

Plaintiff has also filed a Motion for Writ of Prohibition.  ECF No. 12.  "A writ of prohibition is a drastic remedy available only in extraordinary circumstances."  *In re Figueroa*, 463 F. App'x 99, 100 (3d Cir. 2012) (citing *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005).  "A petitioner seeking this relief must show that '(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances.'"  I*n re Figueroa*, 463 F. App'x at 100 (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted)).

Plaintiff has not shown that he is entitled to relief.  He seeks an order of prohibition restraining Officer Brunner, generally, from conducting unlawful actions that violate Plaintiff's constitutional rights, and an order of prohibition preventing Judge Opiela, generally, from judicial actions that infringe on Plaintiff's right to due process and equal protection under the law.  SCF no. 12, at ¶¶ 5 & 6.  Plaintiff also seeks a declaration that the actions of both are

unconstitutional and void.  ECF No. 12, at ¶ 7.  In that the Plaintiff's second Amended Complaint is moving forward, the Plaintiff's Motion for a Writ of Prohibition is premature.  Accordingly, the Motion for a Writ of Prohibition (ECF No. 12) is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Paul-Anthony Cononie, pro se
C/O 307 DUNBAR DRIVE
Pittsburgh, PA 15235

3