IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL-ANTHONY: CONONIE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Civil No. 24-824 |
| BOROUGH OF WEST VIEW, | ) |
| MICHAEL BRUNNER, RICHARD | ) |
| G. OPIELA, and COMMONWEALTH | ) |
| OFPENNSYLVANIA, | ) |
| | ) |
| Defendants. | ) |

## Opinion and Order

Plaintiff Paul Anthony Cononie proceeds by way of a second Amended Complaint filed against the Borough of West View, Michael Brunner, Richard G. Opelia and the Commonwealth of Pennsylvania.[1] ECF No. 15. Plaintiff's second Amended Complaint arises out of his arrest by Defendant Brunner on April 8, 2024. Presently before the Court are the Borough of West View and Michael Brunner's Motion to Dismiss for Failure to State a Claim (ECF No. 75) and Richard G. Opiela's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 57). For the reasons explained below, both Motions to Dismiss will be granted, the Commonwealth of Pennsylvania will be dismissed, and the Amended Complaint will be dismissed.

---

[1] In permitting Mr. Cononie to file a second amended complaint, the Court ruled that "All claims asserted against the Commonwealth of Pennsylvania, the Borough of West View, and Richard G. Opelia are dismissed with no leave to amend, as no viable claim has been asserted against them." *Cononie v. Borough of W. View*, No. CV 24-824, 2024 WL 3377886, at *5 (W.D. Pa. July 11, 2024). Mr. Cononie disregarded this directive and included all three dismissed defendants in his second Amended Complaint. As explained in the Opinion, all three Defendants will again be dismissed.

I.      **Procedural Background**

The Court initially screened Plaintiff's Complaint, pursuant to the screening process of 28 U.S.C. § 1915(e),[2] and dismissed the Complaint, with leave to amend. Mem. Op. & Order, July 11, 2024, ECF No. 3. In the initial Complaint, Plaintiff alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983, and related state law tort claims, arising out of his arrest on April 8, 2024, by Defendant Michael Brunner. In his initial Complaint, Plaintiff asserted five causes of action: two counts of False Imprisonment, Assault and Battery, Identify Theft, and Treason.

The false imprisonment claim asserted in Count One was dismissed for failure to sufficiently allege facts to support the unlawfulness element of a false imprisonment claim. The second false imprisonment claim was dismissed, with prejudice, as the Court concluded that it did not state an independent false imprisonment claim (or any other claim) separate from the false imprisonment claim asserted in Count One. The assault and battery claim and the identify theft claim were both dismissed for failure to state a claim upon which relief can be granted. The final claim, Treason, was dismissed because there is no private right of action to enforce a criminal claim of treason in federal court.

As to the party Defendants, the Court dismissed the Commonwealth of Pennsylvania, the Borough of West View, and Magisterial District Judge Richard G. Opiela. The Commonwealth of Pennsylvania was dismissed as it is protected by Eleventh Amendment immunity. The Commonwealth, and the Borough of West View,

---

[2] Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

were both dismissed because they are both immune. A § 1983 claim cannot be maintained against either Defendant, as Plaintiff did not name a person acting under color of state law, he only named the state and the local Borough. Finally, Magisterial District Judge Richard G. Opiela was dismissed, because there were no allegations asserted against him; and thus, the Complaint failed to state a claim against him. Judge Opelia was also dismissed from the action, based upon absolute judicial immunity.

In summary, the False Imprisonment claim asserted in Count Two and the Treason claim asserted in Count Five were dismissed, with no leave to amend granted. *Id.* The Court dismissed all claims asserted against the Commonwealth of Pennsylvania, the Borough of West View, and Richard G. Opelia, and Plaintiff was not given leave to amend said claims against these Defendants. Finally, Plaintiff was granted leave to amend his Complaint only as to the False Imprisonment Claim asserted in Count One, the Assault and Battery claim asserted in Count Three, and the Identify Theft claim asserted in Count Four. *Id.* at 11-12.

Plaintiff timely filed an Amended Complaint; however, that Complaint was also found to be deficient. The first Amended Complaint contained general and vague factual allegations, extraneous and irrelevant factual allegations, and misplaced legal argument. The Court found that the Amended Complaint failed to provide any factual allegations supporting any cause of action against the Borough of West View, Richard G. Opelia, or the Commonwealth of Pennsylvania. Once again, the Court dismissed the Borough of West View, Commonwealth of Pennsylvania, and Richard J. Opiela from this action, with no leave to amend granted. The Court further found that the first Amended Complaint failed to sufficiently state any cause of action against any Defendant. The

first Amended Complaint was dismissed, and Plaintiff was given leave to amend to plead a claim of false imprisonment only, as asserted against Defendant Michael Brunner.

## II. Relevant Factual Background

Viewing the factual allegations in a light most favorable to Plaintiff, he alleges that on "Sunday, April 8, 2024, at approximately 1:30 AM, I was minding my own business, trying to exit a volatile situation." Am. Compl. ¶ 10. "I had called a family member to pick me up. While packing my belongings." *Id.* "The individual I was dealing with," was "drunk" and "spewing nonsense." *Id.* Plaintiff alleges that this individual has a history of injuring herself to make it look like another person injured her. *Id.*

### A. Officer Brunner

Plaintiff alleges that Officer Brunner unlawfully arrested Plaintiff and then unlawfully detained him. *Id.* at ¶ 11. While Plaintiff was restrained in handcuffs, Plaintiff alleges that Officer Brunner and his partner searched Plaintiff's belongings, without his consent, to locate his wallet and his driver's license to determine his identity. *Id.* The officers did not allow Plaintiff to assist them in this endeavor. *Id.*

Plaintiff further alleges that the arrest occurred by the officers "bursting into his living space," speaking with him for only five minutes, refusing to tell him what crime he allegedly committed, placing him in handcuffs, and failing to provide him with his *Miranda* rights. *Id.* at 12. Plaintiff alleges that being placed in handcuffs violated his Eighth and Fourteenth Amendments. *Id.* Plaintiff asserts that such actions constitute aggravated identify theft in violation of 18 PA. Cons. Stat. § 4120 and 18 U.S.C. §

1028. Plaintiff alleges that his arrest was executed without probable cause or a warrant in violation of the Fourth Amendment and the Pennsylvania Constitution, Article 1, Section 8. *Id.* at ¶ 12. Plaintiff alleges that the arrest was based solely upon the officers' hunch. *Id.* at ¶ 12. Finally, Plaintiff alleges that Officer Brunner's actions were taken outside the bounds of his authority and while abusing his authority. *Id.* at ¶ 19.

### B. Borough of West View

Plaintiff states, in his description of the parties, that "Defendants, West View Police Department, in the Borough of West View, are municipal entities located in the Western District of Pennsylvania, responsible for the outrageous conduct in question." *Id.* at 6. Plaintiff alleges that Officer Brunner is a police officer in the West View Police Department. *Id.* at 9. Plaintiff did not sue the West View Police Department, and he makes no other allegation against the Borough of West View that would form the basis of a viable cause of action.

### C. District Judge Richard G. Opelia

Plaintiff does not state with specificity what actions Judge Opelia allegedly took. He only alleges generally, that Judge Opelia's action occurred in his role as a Judge. Plaintiff's overall allegations indicate that all of Judge Opelia's alleged actions or omissions occurred while Judge Opelia was exercising his judicial authority. Plaintiff, however, generally alleges that the Judge acted without jurisdiction, based upon the allegation that Plaintiff did not consent to jurisdiction before Judge Opelia and Plaintiff did not plea. *Id.* at 20. Therefore, Plaintiff alleges that any proceeding held before Judge Opelia, relating to Plaintiff, was invalid *Id*.

### D. Commonwealth of Pennsylvania

Plaintiff's allegations with respect to the Commonwealth of Pennsylvania are general and vague. For example. Plaintiff alleges that the Commonwealth acts as the "'injured party'" despite it having committed violations and failures. *Id.* at ¶ 14. Plaintiff alleges that the Commonwealth is the only entity pursuing legal action against him. *Id.* He appears to allege that a police officer, presumably Officer Brunner, acted as the prosecutor, attorney, and injured party in Plaintiff's case. *Id.* Plaintiff's scant allegations fail to clarify what actions were taken or not taken, by the Commonwealth, or any party acting on behalf of the Commonwealth, during the prosecution of Plaintiff.

### E. Causes of Action

Plaintiff identifies the following causes of action: Count I: Violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Asserted against all Defendants. Count II: Violation of Plaintiff's Fourteenth Amendment rights to due process and equal protection. Asserted against all Defendants. Count III: Violation of rights under the Pennsylvania Constitution, Article 1, Sections 8, 26, and 29. Asserted against all Defendants. Count IV: False Imprisonment. Asserted against all Defendants. Count V: Assault and Battery. Asserted against Defendant Brunner.

### III. Standard of Review

The Borough of West View and Michael Brunner argue that dismissal of the second Amended Complaint is warranted based upon Plaintiff's failure to comply with Rule of Civil Procedure 8(a). They also argue that dismissal of the complaint is warranted because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Officer Brunner argues that he is immune from suit in this case. In Richard G. Opiela's Motion to

Dismiss he also argues that dismissal of the Complaint is warranted because Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Judge Opelia also argues that he is immune from suit.

### A. Rule 8(a)

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1), (2), and (3). The second Amended Complaint contains numerous irrelevant and inaccurate assertions, lacks relevant substantive factual allegations, and contains numerous improper legal statements or analysis. However, in light of the liberal pleading standard afforded to pro se litigants, the Court is hesitant to dismiss the Complaint for failure to comply with Rule 8(a). Plaintiff does set forth a discernible narrative revolving around his April 8, 2024 arrest and the events that occurred afterwards. While the Complaint lacks sufficient allegations to show that Plaintiff is entitled to relief, the Court concludes that dismissal based upon Rule 8(a) grounds is not required in this case.

### B. Rule 12(b)(6)

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### C. Leave to Amend

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175).

### III. Discussion

As explained below, the Court finds that Plaintiff has failed to plead any viable claim against any of the named Defendants.

#### A. Failure to Comply with Court Orders

As recounted in the procedural background section of this Opinion, the Court has previously dismissed two of Plaintiff's prior Complaints for failure to state a claim. In both his first and second amended complaints, Plaintiff disregarded the Court's order denying him leave to amend to assert claims against the Borough of West View, the Commonwealth of Pennsylvania, and Richard G. Opelia. In the present second Amended Complaint, Plaintiff also disregarded the Court's Order, denying him leave to amend to assert claims of assault and battery or identify theft. In light of Plaintiff's failure to comply with the Court's orders in filing his second Amended complaint, the Court will again dismiss the Commonwealth of Pennsylvania, the Borough of West View, and Richard G. Opelia, with prejudice. The Court will also dismiss Plaintiff's assault and battery and identify theft claims, with prejudice. Below, the Court addresses Plaintiff's allegations asserted against each Defendant and explains why, even absent the failure to comply with the Court's prior Orders, dismissal of all Defendants and claims is warranted.

#### B. Michael Brunner

The basis of Plaintiff's claim against Officer Brunner is the allegation that the arrest was unlawful, because it was not supported by probable cause. However, Plaintiff has not sufficiently alleged facts to support that he was unlawfully arrested or unlawfully detained by Officer

Brunner. The bare allegation, that his arrest was unlawful, is conclusory and insufficient to state a claim.

Plaintiff's allegation, that the arrest was made without a warrant and without probable cause, without more, does not support the alleged unlawfulness of the arrest and is contradicted by Plaintiff's additional allegations. Plaintiff alleges that Officer Brunner had received information about a potential crime, or a disturbance, occurring at a residence, which was at the location where the police found Plaintiff. The allegations also show that the person who reported that Plaintiff had allegedly committed a crime was described in the second Amended Complaint as, a "drunk" person in the "volatile situation" at the residence. Plaintiff further alleges facts demonstrating that he had a relationship with this individual. It is clear from the allegations, and Plaintiff's prior allegations, that his accuser was a female in the same residence as Plaintiff, and that such residence was where Plaintiff was eventually confronted by the police. The victim's report of a crime, as well Officer Brunner's observations when he engaged with Plaintiff, provided Officer Brunner with probable cause to make a warrantless arrest. A police officer may constitutionally conduct a warrantless arrest, so long as the arrest is supported by probable cause. *Commonwealth v. Floyd*, 2024 PA Super 44, 313 A.3d 1061, 1065 (2024) ("Probable cause to effectuate a warrantless arrest exists when: 'the facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense'") (quoting *Commonwealth v. Rickabaugh*, 706 A.2d 826, 835-36 (Pa. Super. 1997) (other quotations and citation omitted)).

Based upon the allegations of the second Amended Complaint, Officer Brunner had received information that a crime had been committed against the complaining victim, in her residence, by a male who was also present in the residence. Upon

encountering Plaintiff, Officer Brunner reasonably believed that Plaintiff was the perpetrator of the crime; and, after talking to him, arrested him. Such allegations do not support the assertion that the arrest was unlawful. In addition, there are no allegations to support a cause of action for assault and battery. Thus, the allegations of the second Amended Complaint are insufficient to state a claim upon which relief can be granted. All claims asserted against Officer Brunner will be dismissed for failure to state a claim upon which relief can be granted.

In addition, Officer Brunner is entitled to qualified immunity, because he relied upon a credible report that a crime had occurred, and upon his interview with the Plaintiff, which supported his belief that a crime had occurred. *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct") (quotations and citation omitted). Accordingly, all claims against Officer Brunner will be dismissed, and Officer Brunner will be dismissed from this action, with prejudice.

### C. The Borough of West View

Plaintiff also attempts to revive claims against the Borough of West View, even though the Court did not give him leave to do so. Plaintiff's factual allegations as to the Borough of West View consist of the conclusory statement that the Borough is "responsible for the outrageous conduct in question." Am. Compl. at ¶ 6. This allegation, however, is unconnected to any allegations of actual conduct by the Borough or a person working for the Borough. From the context of the second Amended Complaint, Plaintiff appears to want to hold the Borough accountable for Officer

11

Brunner arresting Plaintiff. Yet, there are no allegations from which such a conclusion could be drawn. At best, the allegations possibly suggest that Plaintiff wants to pursue a municipal liability claim, but he has not alleged any municipal policy or custom causing a violation of his rights, nor does he allege any other supporting facts. The Court concludes that, because there are no factual allegations asserted against the Borough of West View, the second Amended Complaint fails to state a claim against the Borough.

Moreover, as explained in the Court's prior Opinions, a § 1983 claim cannot be maintained against the Borough of West View, because the Borough is not a "person" subject to a § 1983 action. *Wivell v. Pennsylvania State Police*, 2007 WL 3033962, at *2 (M.D. Pa. Oct. 16, 2007). Any § 1983 claim would need to name a "person" acting under color of state law, and not just a named state or local entity. Plaintiff's second Amended Complaint does not do so. Plaintiff's second Amended Complaint fails to state a claim against the Borough of West View. Accordingly, the Borough of West View will again be dismissed from this action, with prejudice.

### D. Magisterial District Judge Richard G. Opelia

Defendant Richard G. Opiela was dismissed from this case, twice, yet Plaintiff again attempts to assert claims against him. The factual allegations related to Judge Opelia are broad, conclusory, and speculative. The allegations concern Judge Opelia's actions taken solely within his judicial authority while he was presiding over hearings related to Plaintiff's arrest. The second Amended Complaint lacks any allegations as to what actions Judge Opelia took or failed to take. Thus, because Plaintiff has failed to allege any facts to support any claim upon which relief can be granted against Judge Opelia, all claims asserted against him will be dismissed.

In addition, Judge Opelia is protected from suit by judicial immunity for any acts or omissions taken in his judicial capacity, so long as he does not act in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).[3] A "judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of authority." *Id.* at 356. Furthermore, judicial immunity is not forfeited even if a judge committed "grave procedural errors," conducted a proceeding in an "informal and ex parte" manner or performed an action that was "unfair" or controversial. *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 769 (3d Cir. 2005). Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9. 11-12 (1991). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas*, 211 F.3d at 768.

Any purported claim asserted against Judge Opelia, under Plaintiff's allegations, necessarily relates to his role as a Magisterial District Judge in connection with the criminal charges against Plaintiff, stemming from his April 8, 2024 arrest. Plaintiff has not set forth any facts (as opposed to vague conclusory statements) suggesting that Judge Opelia acted in the absence of jurisdiction. Finally, Judge Opelia is also entitled to Sovereign Immunity from any potential state law claims. 1 Pa. Cons. Stat. § 2310; *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010). Accordingly, Judge Opelia is entitled to absolute immunity from suit, and he will be dismissed from this action, with prejudice.

---

[3] *See also Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (absolute judicial immunity attaches even if the act were done in furtherance of a conspiracy).

### E. Commonwealth of Pennsylvania'

As explained, Plaintiff names the Commonwealth of Pennsylvania as a Defendant, despite being denied permission to reassert claims against the Commonwealth. Plaintiff's second Amended Complaint, however, still fails to provide factual allegations to support any cause of action against the Commonwealth. Plaintiff describes the Commonwealth of Pennsylvania in vague and general language. He alleges that the Commonwealth is "donning the hat of the prosecutor" and encroaching upon Plaintiff's constitutional rights. Am. Compl. ¶ 7. Plaintiff further alleges that the Commonwealth, "a fictious corporate construct," is "the only entity pursuing legal actions against me." *Id.* at ¶ 14. Plaintiff alleges that the Commonwealth of Pennsylvania cannot let a police officer represent it in a criminal action against Plaintiff. *Id.*

Consistent with the broad and vague allegations, Plaintiff does not allege any act or omission by the Commonwealth itself, or by a Commonwealth of Pennsylvania state-actor. Plaintiff appears to be complaining about the process he underwent from his arrest to his appearance before a Judge, but he provides scant allegations; thus, it is impossible to know what he is complaining of, or how his rights were violated by the Commonwealth. Viewing the allegations in a light most favorable to Plaintiff, there is no recognizable claim or cause of action, upon which relief can be granted asserted against the Commonwealth.

In addition, as previously explained in the Court's prior Opinions, a claim against the Commonwealth of Pennsylvania cannot survive since the state is protected by Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

100 (1984). Finally, Plaintiff cannot state a valid 42 U.S.C. § 1983 claim against the Commonwealth of Pennsylvania, because Plaintiff cannot plead the essential element that any alleged conduct complained of was committed by a "person" acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995).

Accordingly, the claims asserted against the Commonwealth of Pennsylvania will again be dismissed from this action for failure to state a claim upon which relief can be granted, and the Commonwealth of Pennsylvania will again be dismissed as a Defendant, with prejudice, because it is immune from suit.

### F. Remaining Motions and Filings

In addition to his second Amended Complaint, Plaintiff has filed numerous pleadings and motions addressing substantive legal issues or making requests that are irrelevant, inapplicable, duplicative, and/or meritless. With the Court's dismissal of the second Amended Complaint, the following pleadings/motions are dismissed as moot or as meritless.

- Amended Motion to Compel Production of Magistrate Oath of Office and Surety Bond, ECF No. 52;

- Motion to Disqualify Judge Marylin J. Horan, ECF No. 53;

- Petition to Compel Production of Magistrate Oath of Office and Surety Bond, ECF No. 56;

- Demand for Evidentiary Hearing, Default Judgment, Immediate Action on Constitutional Violations, and Racial Prejudice in Commonwealth of PA vs. Paul A. Cononie, ECF No. 60;

- Point of Order Challenging the Improper Standing of Defense Counsel and Outlining Constitutional Violations During Plaintiff's Arrest, ECF Nos. 61, 64 & 68;

- Motion to Enforce Magistrate Richard G. Opiela's Oath of Office and Surety Bond Information, ECF No. 65;

- Motion to Enforce Magistrate Richard G. Opelu's Oath of Office and Surety Bond Information, ECF No. 69;

- Demand to Strike Motion to Dismiss & Exposure of Constitutional Violations and Bad Faith Litigation, ECF No. 79;

- Plaintiff's Demand for Sanctions Pursuant to Rule 11 And Relief Requested, ECF No. 80;

- Plaintiff's Amended Demand for Sanctions Pursuant to Rule 11 And Relief Requested, ECF No. 81;

- Demand for Default Judgment, ECF No. 82;

- Writ of Error & Demand for Enforcement of Default Judgment, ECF No. 88; Motion to Enforce Default Judgment Immediately, ECF No. 90;

- Emergency Demand for Contempt of Court against Defendants, Defense Counsel, and Judge Marilyn J. Horan - the Default Judgment Must be enforced Without Delay, ECF No. 91;

- Amended Demand to Enforce Default Judgment Immediately, ECF No. 92.

### G. Leave to Amend

When a complaint is subject to dismissal, the Court must consider whether leave to amend the complaint be granted. *Grayson*, 293 F.3d at 108. "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Id.* As stated, Plaintiff has failed to properly assert facts to support any claim or cause of action against any Defendant. Further, the Court concludes that Plaintiff is unable to state a viable claim under the facts as alleged across all three of his complaints. In light of the fact that Plaintiff has filed a Complaint, an Amended

Complaint, and a second Amended Complaint, the Court concludes that it would be futile to permit another opportunity to amend. Therefore, leave to amend will be denied.

### IV. Conclusion

Plaintiff's second Amended Complaint fails to assert sufficient factual allegations to support any claim upon which relief can be granted. In addition, each Defendant is properly dismissed, based upon each Defendant's respective entitlement to immunity. The Defendants' Motions to Dismiss will be granted. All claims and all Defendants will be dismissed, and this action will be dismissed.

Accordingly, the following Order is hereby entered.

### ORDER

And now, this 3rd day of June 2025, it is hereby ORDERED that, for the reasons set forth above, the Court finds that Plaintiff has failed to properly assert any claim or cause of action against any of the Defendants. Each Defendants' respective Motion to Dismiss (ECF Nos. 57 & 75) is GRANTED. All claims purportedly raised in the second Amended Complaint are dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6).

IT IS FURTHER ORDERED that, for the reasons explained above, the Borough of West View, Officer Brunner, Judge Opelia, and the Commonwealth of Pennsylvania, are each dismissed from this action, with prejudice.

IT IS FURTHER ORDERED that Plaintiff's second Amended Complaint is hereby DISMISSED. Leave to amend the second Amended Complaint is denied.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Plaintiff desires to appeal from this Opinion and Order he must do so within thirty days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

                                                                                s/*Marilyn J. Horan*
                                                                                Marilyn J. Horan
                                                                                United States District Court Judge

Paul-Anthony Cononie, pro se
C/O 307 DUNBAR DRIVE
Pittsburgh, PA 15235